IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHALEY MCVAY,** | |
| Plaintiff, | Case No. 3:19-cv-00430-MO |
| v. | |
| **RAY KLEIN, INC.,** | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.**,

    This case comes before me on Plaintiff Chaley McVay's Partial Motion for Summary Judgment [ECF 19] and Defendant Ray Klein's Motion for Summary Judgment [ECF 22]. Plaintiff brought this action alleging that Defendant committed numerous violations of the Fair Debt Collections Practices Act ("FDCPA"). Compl. [ECF 1] at 1-3.

    In her motion, Plaintiff argues that there is no genuine dispute of material fact that (1) Defendant committed three violations of 15 U.S.C. § 1692e(2)(A); and (2) Defendant is not entitled to the *bona fide* error defense. Pl.'s Mot. [19] at 1. In its motion for summary judgment, Defendant argues there is no genuine dispute that it did *not* violate the FDCPA and that, assuming *arguendo* that it did, it would be entitled to the *bona fide* error defense. Def.'s Mot. [22] at 3, 5.

    I agree with Defendant that no reasonable juror could conclude that it violated the FDCPA and that it is entitled to summary judgment on those grounds. As such, I do not reach the

1    –    OPINION AND ORDER

issue of the *bona fide* error defense. Therefore, I DENY Plaintiff's motion, GRANT Defendant's motion, and DISMISS this case with prejudice.

## BACKGROUND

Plaintiff had two delinquent accounts (totaling $1,086.34 in principal) with the Vancouver Clinic, which hired Defendant—a debt collector—to collect the amount owed on those accounts. Howard Decl. [ECF 23] ¶ 4. The first account was referred from Vancouver to Defendant on March 27, 2013; the second account was referred on March 19, 2014. *Id.*

On November 10, 2017, Defendant sent a letter containing a "§ 1692g notice" to the last known address for Plaintiff. *Id.* ¶ 5. After receiving no response to the first letter, on February 23, 2018, Defendant sent a second letter to the same address which informed Plaintiff of its intent to file suit to collect on the two accounts. *Id.* ¶ 6; Def.'s Mot. [22] at 3. On March 12, 2018, Defendant received a reply letter from Plaintiff stating that she "was requesting complete verification" in regard to the two accounts. Howard Decl. [23] ¶ 7. On April 5, 2018, Defendant filed a small claims lawsuit in Washington County to recover the debt owed on the two accounts. *Id.* ¶ 9.

After learning of the lawsuit, Plaintiff spoke on the phone with Defendant on at least four occasions, on April 23, April 30, and May 1 of 2018. *Id.* ¶ 10.[1] On these phone calls, Plaintiff disputed the amount owed on the two accounts as described in the lawsuit, informing Defendant that she believed that some of the debt had already been paid by her insurer. *See* Pl.'s Mot. [19] at 2-4. Defendant allegedly informed Plaintiff that she would need to contact Vancouver, as

---

[1]    The Howard Declaration contains two paragraphs labeled "8," the second of which is paragraph 10.

Defendant would not adjust any amounts on the accounts until the creditor (Vancouver) informed them that changes were necessary. *Id.*

Eventually, after back and forth between Plaintiff, Vancouver, and Defendant, it was determined that some of the debt had been paid, and the two accounts were adjusted to reflect the current accurate totals. *Id.* at 3; Def.'s Mot. [22] at 4. On May 1, 2018, Plaintiff and Defendant settled the two accounts for a payment of $722.44. Def.'s Mot. [22] at 4. The small claims lawsuit was dismissed, and Defendant took no further action to collect on the account. *Id.* at 4-5.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment thus should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To determine whether summary judgment is proper, the court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1281-82 (9th Cir. 1982).

## DISCUSSION

The FDCPA, at 15 U.S.C. § 1692e(2)(A), states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (2) The false representation of—
> >
> > > (A) the character, amount, or legal status of any debt.

3   –   OPINION AND ORDER

Plaintiff alleges that Defendant violated § 1692e(2)(A) by "inaccurately stat[ing] the debt three times to Plaintiff." Pl.'s Mot. [19] at 4. Specifically, Plaintiff alleges that Defendant inaccurately relayed to her the amount of outstanding debt on the two accounts, because it failed to conduct the "due diligence" that would have revealed that part of the debt had been paid off in the intervening time since Vancouver first referred the accounts to Defendant. *Id.* The three instances include: (1) when Plaintiff first called Defendant on April 23, 2018, (2) when Plaintiff was served with the complaint in the small claims action on April 29, 2018, and (3) when, on April 30, Defendant misstated the amount that the debt had been adjusted (it corrected the mistake the same day). *Id.* at 4-5.

Defendant responds that it did not make a "false representation" of the debt amount; rather, it relayed the balance of the accounts as reported to it by Vancouver, the creditor. Def.'s Mot. [22] at 5. Moreover, Defendant argues that when it sent Plaintiff a § 1692g notice which informed Plaintiff of her right to dispute a debt account through the validation process, and when Plaintiff did not timely respond to that notice, Defendant was entitled to assume the debt was valid. Def.'s Reply [28] at 2-3 (citing *Story v. Midland Funding, LLC*, 2015 WL 7760190 (D. Or. 2015)).

I agree with Defendant. Plaintiff does not contest that Defendant mailed her a "§ 1692g notice" letter on November 10, 2017. It was not until March 12, 2018, in response to Defendant's second letter, that Plaintiff replied to Defendant. That is well outside the thirty-day window for a debtor to contest a debt upon receiving proper notice under 15 U.S.C. § 1692g. "A debt collector is entitled to assume a debt is valid and to proceed with collection activities where, as here: (1) the debt collector has complied with the FDCPA's validation of debt notice requirements under § 1692g(a); and (2) the consumer has failed to timely dispute the debt." *Story*, 2017 WL 7760190

at *5 (citing *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999)). Because Defendant was entitled to assume the debt amount—as initially reported to it by Vancouver—was valid, it did not violate the FDCPA by relaying that information to Plaintiff.

## CONCLUSION

For the foregoing reasons, I DENY Plaintiff's Motion for Partial Summary Judgment [19], GRANT Defendant's Motion for Summary Judgment [22] and DISMISS this case with prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this  4th   day of May, 2020.


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge